UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY FRIED AND NANCY GUCWA,

        Plaintiffs,

v.

DONNA PARHAM SANDERS, ET AL.,

        Defendants.

_____/

Case No. 17-14006

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
MOTION TO DISMISS [11], DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT AND FOR DISMISSAL FOR LACK OF SUBJECT
MATTER JURISDICTION [13], AND GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' ALTERNATIVE MOTION FOR DISMISSAL WITHOUT PREJUDICE [13]**

While on the job in October 2011, Mark Marusza was struck by an SUV. As a

result, Marusza suffered severe injuries to, among other things, his brain, shoulders,

cervical spine, and ribs. Defendant Accident Fund Insurance Company ("Accident

Fund"), the Workers' Compensation administrator, refused to pay for some of

Marusza's treatment, and for attendant care services provided by Mr. Marusza's

girlfriend, Plaintiff Nancy Gucwa, after it reviewed a series of evaluation reports written

by several doctors.

In March 2015, Marusza and Gucwa filed a lawsuit against Accident Fund and

the doctors (*Gucwa I*). They alleged a conspiracy—in which Accident Fund hired the

doctors to write fraudulent reports for the purpose of denying claimants Workers'

Compensation benefits—in violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, tortious interference with contract or expectancy, liability under the Medicare Secondary Payer Act ("MSPA"), and false imprisonment. Approximately two years later, the Court dismissed *Gucwa I*. *See Gucwa v. Lawley*, No. 15-10815, 2017 WL 282045 (E.D. Mich. Jan. 23, 2017).

Gucwa, along with co-Plaintiff Jeffrey Fried, filed this lawsuit in Wayne County Circuit Court on October 31, 2017 (*Gucwa II*). Plaintiffs filed their First Amended Complaint on December 5, 2017. The First Amended Complaint contains allegations of intentional or reckless infliction of emotional distress, violations of RICO, and violations of the Michigan Uniform Trade Practices Act ("MUTPA"). Plaintiffs also ask for enforcement of the Workers' Compensation Agency's final order. Defendants Accident Fund and Donna Parham Sanders, the principal adjuster of Marusza's workers' compensation claim, removed the case to this Court on December 13, 2017 [1]. Defendants filed their Motion to Dismiss [11] on April 3, 2018.

On April 16, 2018, the Sixth Circuit Court of Appeals affirmed this Court's dismissal of *Gucwa I*. *See Gucwa v. Lawley*, 2018 WL 1791994 (6th Cir. Apr. 16, 2018). Four days later, Plaintiffs in *Gucwa II* filed a Motion for Leave to File Second Amended Complaint and for Dismissal for Lack of Subject Matter Jurisdiction, or in the alternative, for Dismissal Without Prejudice [13]. On October 29, 2018, the *Gucwa II* Plaintiffs filed a Second Motion for Leave to File a Third Amended Complaint [19].

For the reasons discussed below, the Court will deny Plaintiffs' Motion for Leave to File Second Amended Complaint and for Dismissal for Lack of Subject Matter Jurisdiction, grant in part and deny in part their alternative motion for Dismissal Without Prejudice, and grant Defendants' Motions to Dismiss as to Count I of the Complaint. Count I of the Complaint will be dismissed with prejudice and Counts II and III will be remanded to Wayne County Circuit Court.[1] Plaintiffs' most recent Motion for Leave to File a Third Amended Complaint will be denied as moot.

## I.    Claim Preclusion

"Under the doctrine of claim preclusion, a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Plaintiffs can of course plead new claims arising from new torts committed by the Defendants, and Plaintiff Jeffrey Fried, though he is mentioned only once in the complaint, is entitled an opportunity to litigate his claim. The Court will not permit Nancy Gucwa or Mark Marusza, however, to relitigate claims arising from the allegedly fraudulent reports of Doctors Ager, Baker, Rubin, Lawley and Seidel, or their conspiracy with Accident Fund. The nominal addition of another caregiver plaintiff, combined with the ongoing nature of the denial of benefits, cannot suffice to allow Gucwa and Marusza to bring the same case over and over again under different legal theories.

---

[1] Because a remand is functionally the same as a dismissal without prejudice, the Court will consider its remand as a partial granting of the Plaintiffs' alternative motion for Dismissal without prejudice, but only as to Counts II and III.

## II. Defendants' Motion to Dismiss

### LEGAL STANDARD

Defendants move to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive such a motion, Plaintiffs must plead factual content that allows the Court to draw a reasonable inference that Defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A plaintiff's complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal, 556 U.S. at 678* (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Courts are not required to accept as true legal conclusions framed as factual allegations. *See Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### ANALYSIS

### Count I: Intentional Infliction of Emotional Distress

Plaintiffs allege that Defendants' fraudulent medical reports and failure to pay for Mr. Marusza's care or medication constituted an intentional infliction of emotional

distress. The elements of this tort are 1) extreme or outrageous conduct 2) intent or recklessness 3) causation or 4) severe emotional distress. *Linebaugh v. Sheraton Michigan Corp*, 198 Mich. App. 335 (1993). Liability for IIED will only be found where the conduct at issue is "so outrageous in character, and so extreme in degree, to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Doe v. Mills*, 212 Mich. App. 73, 91 (1995). Plaintiffs' theory is that the conspiracy between Accident Fund and the consultative examiners created a RICO cause of action under 18 U.S.C. § 1960 *et seq.* and a criminal violation of federal mail and wire fraud statutes, both of which in turn constituted sufficiently outrageous conduct as to satisfy the first prong of an IIED. The RICO claim was foreclosed by *Gucwa v. Lawley*, however, and though the use of mail and wire may elevate fraud to a federal crime, Plaintiffs articulate no reason why such a federal nexus should, by itself, elevate fraud from its own tort to an element of an IIED.

The requirement that conduct be extreme prevents litigants from attaching an IIED claim to every dispute which causes emotional distress. The Sixth Circuit, interpreting Michigan law, has held that even an insurer's "fraudulent denial of worker's compensation benefits is not 'so outrageous in character…as to go beyond all possible bounds of decency." *Brown v. Cassen Transp. Co.*, 492 F.3d 640 (2007) *citing Atkinson v. Farley*, 171 Mich. App. 784 (Mich. Ct. App. 1988). Further, even if Plaintiffs' claim were well-pled, it would be barred by claim preclusion because Plaintiffs Gucwa and Marusza already had opportunity to litigate their denial of benefits up to the filing of

their 71-page second amended complaint on April 22, 2016. *Gucwa v. Lawley*, 2:15-cv-10815 ECF # 75. Jeffrey Fried's emotional state is not mentioned at all in either complaint. To the extent the tort is continuing, it is continuing as a dispute over what constitutes "reasonable and necessary treatment of plaintiff's employment related injury," pursuant to the May 23, 2016 Order by the Michigan Workers' Compensation Board. Plaintiffs' IIED claim is thus facially insufficient, and the Court need not determine if it is time time-barred.[2]

### III. Plaintiffs' Motion to Amend and Dismiss for Lack of Subject Matter Jurisdiction

Plaintiffs move for leave to amend their complaint and remand the case. Having already lost this case once, Plaintiffs understandably want to get out of federal court. That said, plaintiffs may not use 'manipulative tactics' to defeat removal and secure a state forum, such as 'simply…deleting all federal-law claims from the complaint and requesting that the district court remand the case.'" *Harper v. Auto Alliance Intern., Inc.*, 392 F.3d 195, 211 (6th Cir. 2004) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). Plaintiffs are not permitted to "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Rogers v. Wal-Mart*

---

[2] Plaintiffs' October 29, 2018 allegations of attorney misconduct would not cause the Court to rethink this holding. As much as Defense Counsel's secret *ex parte* communications with a Magistrate Judge would have rightfully galled the Plaintiffs' counsel, there is no evidence that it constituted an intentional infliction of emotional distress upon the Plaintiffs themselves. Since the Leave to Amend Plaintiffs' Complaint is denied, however, the Court will express no opinion on the merits of these new allegations.

*Stores, Inc*., 230 F.3d 868, 872 (6th Cir. 2000). Rule 15 allows the Court to give leave to a party to amend its complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). This is not such a case. Nor will the Court dismiss the case without prejudice to save Plaintiffs' IIED claim from dismissal.

### IV.   Supplemental Jurisdiction

Once Count I is dismissed, the Court loses federal question subject matter jurisdiction, and it declines to assert supplemental jurisdiction over Counts II and III. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Baer v. R& F Coal Co.*, 782 F.2d 600, 603 (6th Cir. 1986) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper*, 392 F.3d at 210. If, as in this case, the Court's jurisdiction is "originally premised on a federal claim and that claim subsequently [is eliminated], remand to the state court [is] a matter of discretion." *Id.*

Counts II and III of the Plaintiffs' Complaint, alleging violations of Michigan's Insurance Law and requesting Enforcement of the May 23, 2016 Workers' Compensation Award, deal with ongoing elements to the dispute between Mark Marusza, his insurance company, and his caregivers. Both parties agree that the power to enforce orders by the Board of Workers' Compensation, pursuant to Section 863 of the Michigan Workers' Compensation Statute, lies with Michigan circuit courts, not federal courts. State courts are presumptively entrusted with interpreting and applying

state law, and since this Court's January 22, 2017 Order only tangentially touched on the Defendants' efforts to follow Workers' Compensation Magistrate's Order, "the interest of judicial economy and the avoidance of multiplicity of litigation" are not offended by a remand. *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

CONCLUSION

Plaintiffs' IIED claim (Count I), and the RICO Act claim at its core, will thus be dismissed with prejudice.

The Court will not exercise supplemental jurisdiction over Plaintiffs' workers' compensation enforcement claims (Counts II and III), however. The enforcement of workers' compensation orders is dedicated to the Michigan circuit courts by M.C.L. Section 418.863. Counts I and II, therefore, will be remanded to state court.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Leave to File a Second Amended Complaint and for Dismissal for Lack of Subject Matter Jurisdiction [13] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in the Alternative for Dismissal Without Prejudice [13] is **GRANTED IN PART AND DENIED IN PART**. The motion is granted only insofar as Counts II and III of the First Amended Complaint are remanded to state court.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss the First Amended Complaint [11] is **GRANTED IN PART AND DENIED IN PART**. Count I of the First Amended Complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that the remainder of this case, Counts II and III of the First Amended Complaint, is **REMANDED** to Wayne County Circuit Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Second Motion for Leave to File a Third Amended Complaint [19] is **DENIED AS MOOT**.

**SO ORDERED**.


                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: November 27, 2018                Senior United States District Judge